**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRUCE MCLAUGHLIN and KAREN MCLAUGHLIN, <br><br> Plaintiffs, <br><br> v. <br><br> HSBC GROUP, BENEFICIAL NEW JERSEY, INC. d/b/a BENEFICIAL MORTGAGE CO., JOSEPH ANTICO and XYZ (1-3), <br><br> Defendants. | Civil Action No. 12-7734 (MAS) (DEA) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendants HSBC Group, Beneficial New Jersey, Inc. and Joseph Antico's (collectively, "Defendants") Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Defs.' Br., ECF No. 8.) Plaintiffs Bruce and Karen McLaughlin ("Plaintiffs") filed Opposition. (Pl.'s Opp'n, ECF No. 11.) Defendants filed a Reply. (Defs.' Reply, ECF No. 12.) The Court has carefully considered the Parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, and other good cause shown, Defendants' Motion to Dismiss is granted as to Counts One, Two, Three and Six of the Amended Complaint (ECF No. 3). The Court declines to exercise supplemental jurisdiction over the remaining counts.

I.  **Background**

   A.  **Factual Allegations**

The Court begins with a summary of the Amended Complaint's non-conclusory allegations.

Plaintiffs live on property they own in Robbinsville, New Jersey. (Am. Compl. ¶¶ 2, 10.) On December 21, 2006, Plaintiffs used the property to obtain a mortgage loan from Defendants HSBC Group and Beneficial New Jersey. (*Id.* at ¶ 3.) Defendant Joseph Antico, an employee of HSBC and Beneficial, "communicated with the plaintiffs from an office in Lawrencville, New Jersey." (*Id.* at ¶ 4.) Plaintiffs subsequently "defaulted" on their loan payments and now face foreclosure. (*Id.* at ¶ 36.)

They claim that Defendants, together with unidentified "individuals and business entities," falsely represented the mortgage as advantageous and "appropriate," promised to refinance the mortgage at a lower interest rate, and told Plaintiffs "that the practice of taking out one unaffordable loan based upon the promise that a new loan would be forthcoming is an acceptable practice." (*Id.* at ¶¶ 5, 14.) Plaintiffs do not go into specifics about who said what, when; and there are no details in the Amended Complaint about Plaintiffs' finances or the terms of the mortgage loan they allegedly received.

   B.  **Causes of Action**

The Amended Complaint contains 13 causes of action, nine of which are based on New Jersey law. Plaintiffs' state law claims are variations on a common theme: Defendants, through unspecified misstatements and omissions, deliberately tricked Plaintiffs into a mortgage they could not afford, and, as a result, Plaintiffs now face foreclosure. Counts One, Two, Three, and Six are based on federal law. They are briefly summarized here.

Count One seeks rescission of Plaintiffs' mortgage and monetary damages under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* (Am. Compl. ¶¶ 31-40.) Plaintiffs accuse Defendants of deliberately withholding "specified disclosures" in order to "induce [P]laintiffs to enter into a loan they could not afford." (*Id.* at ¶ 38.)

In Count Two, Plaintiffs claim Defendants "charged improper fees, made improper disclosures, and otherwise violated" the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* (Am. Compl. ¶ 43.)

Count Three charges Defendants with "numerous," but unspecified, violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C § 1692 *et seq.* (Am. Compl. ¶ 50.)

Count Six flatly asserts Defendants "violated" the "Home Ownership Equity Protection Act ('HOEPA')," 15 U.S.C. §§ 1639-1639h. (Am. Compl. ¶ 75.)

## II. Legal Standard

On a Rule 12(b)(6) motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). Rule 8(a)(2) "requires only 'a short and plain statement of the claim,'" enough facts to show "'that the pleader is entitled to relief,'" and "to give the defendant fair notice of what the . . . claim is and the grounds on which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The court construes the complaint in the light most favorable to the plaintiff, accepting as true all factual allegations but disregarding unadorned conclusions. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Rather, a complaint must allege "facts . . . sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

### III. <u>Analysis</u>

#### A. **Count One: TILA**

Enacted to promote the informed use of credit, TILA requires lenders to make "material disclosures" to consumers seeking to borrow money. *In re Cmty. Bank of N. Va*, 418 F.3d 277, 303-04 (3d Cir. 2005). With respect to loans secured against the borrowers' principal dwelling, the disclosures mandated under TILA include: the annual percentage rate, the finance charge, the amount financed, total payments and the payments schedule. *Id.* (citing 12 C.F.R. § 226.23). The Amended Complaint does not say which of these disclosures Defendants are supposed to have withheld. Plaintiffs simply accuse Defendants of "failures to make required disclosures." (Am. Compl. ¶ 38.)

The Court need not consider the ramifications of this ambiguity, however, because Plaintiffs' TILA claim is untimely. The statute of limitations for claims under TILA varies depending on the remedy sought for the alleged violation. If the aggrieved borrower seeks monetary damages, the claim must be asserted within one-year from the day on which the underlying loan agreement is executed. *Cmty. Bank of N. Va.*, 418 F.3d at 304-05; 15 U.S.C. § 1640(a)(1). A borrower may seek rescission of a loan for up to three years after consummation of the loan transaction. *Sherzer v. Homestar Mortg. Svcs.*, 707 F.3d 255, 267 (3d Cir. 2013); 15 U.S.C. § 1635(f).

The transaction in this case was consummated on December 21, 2006. (Am. Compl. ¶ 11.) Thus, any claim Plaintiffs had to monetary damages under TILA expired in December 2007; Plaintiffs' right to seek rescission expired in December 2009—three years before Plaintiffs

4

commenced this action. (Complaint, December 20, 2012, ECF No. 1.) Accordingly, Plaintiffs' claims under TILA are time barred. The Court dismisses Count One of the Amended Complaint with prejudice.

### B. Count Two: RESPA

RESPA regulates the panoply of "service[s] provided in connection with a real estate settlement," covering everything from title searches to "origination of a federally related mortgage loan." *Freeman v. Quicken Loans, Inc.*, 132 S. Ct. 2034, 2037-38 (2012) (quoting 12 U.S.C. § 2602(3)) (internal quotation marks omitted). While certain provisions of RESPA target the real estate settlement industry as a whole, others apply only to participants in one segment of the market. *Compare* 12 U.S.C. § 2607(a) (prohibiting the payment or receipt of a referral fee in any "business incident to or a real estate settlement service involving a federally related mortgage loan"), *with* 12 U.S.C. § 2605(a) (requiring a "federally related mortgage" lender to make certain disclosures to loan applicants).

Plaintiffs make no effort to specify which of RESPA's various provisions each Defendant is supposed to have violated. Instead, Count Two declares that all six defendants "charged improper fees, made improper disclosures and otherwise violated the act." (Am. Compl. ¶ 43.) This wholesale accusation of wrongdoing falls well-short of the fair notice Rule 8(a)(2) requires. *See Twombly*, 550 U.S. at 555.

Plaintiffs' claims under RESPA are also untimely. Like TILA, claims under RESPA are subject to either a one or three year statute of limitations, running from the date of the violation. *See* 12 U.S.C. § 2614 (setting limitations period of one year for violations of §§ 2607-08, and three years for violations of § 2605). Thus, any claim Plaintiffs had under RESPA expired in

December 2009—three years *after* Plaintiffs obtained their mortgage, and three years *before* they commenced the present action.

The Court grants the Defendants' motion with respect to Plaintiffs' RESPA claim and dismisses Count Two of the Amended Complaint with prejudice.

### C. Count Three: FDCPA

The FDCPA regulates the activities of debt collector, identified as those "in any business the principal purpose of which is the collection of debts . . . owed or due [to] another." 15 U.S.C. § 1692a(6). To sustain a claim under the act, a plaintiff must show that the defendant: (1) meets the statutory definition of debt collector, and (2) engaged in practices prohibited under the act. *See Slimm v. Bank of Am. Corp.*, No. 12-5846, 2013 WL 1867035, at * 4 (D.N.J. May 2, 2013).

Count Three boils down to a bare assertion that Defendants are debt collectors who have "committed numerous violations of the FDCPA." (Am. Compl. ¶¶ 48-50.) The Amended Complaint contains not one factual allegation, either in Count Three or elsewhere, regarding an actual effort to collect Plaintiffs' debt. A claim cannot stand on labels and conclusions alone. *Twombly*, 550 U.S. at 545. Plaintiffs have therefore failed to adequately plead a FDCPA violation.

Permitting Plaintiffs to amend their FDCPA claim would be futile. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 217 (3d Cir. 2013). Defendants contend they are exempt from the FDCPA because they meet the statutory definition of creditor. *See* 15 U.S.C. § 1692a(4) (defining "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed"); *Pollice v. Nat. Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000) ("Creditors—as opposed to debt collectors—generally are not subject to the FDCPA."). Plaintiffs do not dispute this assertion in their Opposition. In any case, the Amended Complaint

itself confers creditor status on Defendants when it alleges that "Plaintiffs obtained [the] mortgage from [them]." (Am. Compl. ¶ 11.) Thus, Defendants' efforts to collect from Plaintiffs—if they made any—were not "attempts to collect debts 'owed or due or asserted to be owed or due another.'" *F.T.C. v. Check Investors, Inc.*, 502 F.3d 153, 171 (3d Cir. 2007) (quoting § 1692a(6)). Under these circumstances, even a more detailed FDCPA claim must fail.

Accordingly, Count Three is dismissed with prejudice.

### D. Count Six: HOEPA

Plaintiffs' HOEPA claim also fails. Enacted as an amendment to TILA, HOEPA targets a special class of high-interest loans. *Cmty. Bank of N. Va.*, 418 F.3d at 282-83. Claims under HOEPA are subject to TILA's one and three year limitations periods. *Id.* at 303; *see* § 1640(e). Thus, Plaintiffs' HOEPA claim is untimely for the same reasons identified in the foregoing discussion of TILA. *See Billero v. Wachovia Mortg., FSB*, No. 10-1744, 2010 WL 5168949, at *11 (D.N.J. Dec. 14, 2010) (dismissing tandem HOEPA and TILA claims as untimely under § 1640(e)).

Count Six is therefore dismissed with prejudice.

### E. State Law Claims

Having disposed of all Plaintiffs' federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3).

## IV. Conclusion

For the reasons set forth above, and for other good cause shown, it is hereby ordered that Defendant's Motion to Dismiss is granted. Counts One, Two, Three, and Six of the Amended Complaint are dismissed with prejudice. The Court declines jurisdiction over Plaintiffs' state law claims. An appropriate Order follows.

/s/ Michael A. Shipp
Michael A. Shipp
United States District Judge

**Dated:** November 15, 2013